## STATE v. J. R. LANDY.[1]

### June 18, 1915.

### Nos. 19,306—(14).

**Criminal libel — publication not libelous.**

> A publication stating that a candidate for office has the backing of certain corporations in the state that are not in sympathy with the masses is not *per se* libelous.

Defendant was indicted in the district court for Ramsey county for the crime of criminal libel. His demurrer to the indictment was overruled, Orr, J. From the order overruling the demurrer, defendant appealed. Reversed.

*J. M. Freeman,* for appellant.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General and *Richard D. O'Brien,* for respondent.

HOLT, J.

In overruling a demurrer to the indictment for libel the court certified the question as of grave doubt. Defendant appeals.

The indictment is: "J. R. Landy is accused by the grand jury of the county of Ramsey by this indictment of the crime of criminal libel, committed as follows:

"The said J. R. Landy on the 4th day of June, a. d. 1914, at the

[1] Reported in 153 N. W. 258.

city of Saint Paul in said county, then and there being, did wrongfully, unlawfully and maliciously publish in a newspaper called The Olivia Times, the following libel of and concerning one Daniel W. Lawler, to-wit:

" 'The democrats of this county should bear in mind that there is a contest on in the party for governor between D. W. Lawler and Congressman Hammond, and it behooves them to turn out to the primaries and express their choice. It is important that Mr. Hammond be nominated, for two reasons, namely, that if nominated, he has an excellent chance of election and also because he is by far the ablest and best qualified man to fill that important position now before the people. Lawler has the backing of certain corporations in the state that are not in sympathy with the masses and his candidacy should not appeal to the rank and file of the party. Let the democrats boost for Hammond and bring forward its strongest man for the office of governor.'

"That said publication hereinbefore set out exposed said Daniel W. Lawler to hatred, contempt and ridicule, and caused said Daniel W. Lawler to be shunned and avoided, and had a tendency to injure said Daniel W. Lawler in his reputation, business, and occupation, said newspaper The Olivia Times being then and there circulated in the county of Ramsey and state of Minnesota, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Minnesota."

There are no allegations by way of inducement. Hence no inferences, other than those drawn by the ordinary fair-minded readers from the tone and language of the article itself, are to be indulged in. Neither in civil nor in criminal libel is the libelous character of the article to be tested by the interpretation placed thereon by the exceptional kindly disposed who are ever alert to protect the good name and fame of others by thought and deed, nor by that larger class who read every publication with eager desire to find some reflection or calumny against their fellow men. It is not claimed that the article by insinuation, or otherwise, charges Mr. Lawler with any wrong-doing or the violation of law; nor do we think it fairly open to such construction. The suggestion is made that, since Mr.

Lawler is said to have "the backing of certain corporations in the state that are not in sympathy with the masses," it is to be inferred that the backing was obtained at Mr. Lawler's solicitation, or that he courted or acquiesced in a questionable or unlawful support—a corporation not being permitted to aid a political candidate. G. S. 1913, §§ 592, 631. We think this is a strained and sinister interpretation, not permissible in either criminal or civil libel suits. Newspapers may still be permitted to express an opinion upon the merits of opposing candidates for political office and upon the influence supporting them. And, perhaps, it is still allowable to surmise that corporations are not yet indifferent to the success of political candidates, in spite of the stringent enactments to keep them absolutely dormant in that respect. If so, we do not discover anything unlawful or wrongful in the article published. If "backing" means a violation of law by the certain corporations referred to, we still think the fair reading of the article does not warrant the inference that such backing was even acceptable to Mr. Lawler, to say nothing of being by his procurement or request. There is then nothing which tends to expose Mr. Lawler to public hatred, contempt or ridicule. Corporations are public necessities, are creatures of the law, and not *per se* odious. We are constrained to hold the article insufficient to support a criminal libel. Our attention has been directed to no case holding an article of the import and tone of the one in question actionable either civilly or criminally. The demurrer should have been sustained.

Order reversed.